UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELLA COSTA,<br><br>      Plaintiff,<br><br>      v.<br><br>MICHAEL VITALI, JUSTICE/JUDGE,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 25-cv-12114-DJC<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**CASPER, C.J.**                                                                 September 16, 2025

      For the reasons set forth below, the Court allows plaintiff's motion for leave to proceed *in forma pauperis*, D. 2, denies the *ex parte* motion for temporary restraining order, D. 4, and dismisses this action.

**I.    Background**

      On July 28, 2025, Ella Costa ("Costa") filed a *pro se* complaint seeking equitable and monetary relief from the Honorable Michael Vitali, who presided over a case brought against Costa in the Wrentham District Court. D. 1. With the complaint, Costa filed an application to proceed in district court without prepaying fees or costs (also referred to as a motion for leave to proceed *in forma pauperis*). D. 2.

      Costa's claims arise from what Costa alleges were unconstitutional proceedings before Judge Vitali. D. 1 at 7-9. The complaint asserts federal question jurisdiction pursuant to 42 U.S.C. § 1983 for the alleged due process and equal protection violations. Id. at 12. Costa also asserts claims for defamation and intentional infliction of emotion distress, as well as breach of judicial ethics. Id. Specifically, Costa alleges that the defendant "prematurely adjudicate[ed] her

1

guilt without any formal hearing or trial" and "impermissibly singled out [Costa] for defamatory criminal allegations absent comparable investigation or basis." Id. at 11.  In addition to seeking an award of compensatory and punitive damages, Costa seeks "declaratory and injunctive relief preventing Defendant from continuing defamatory or ultra vires conduct." Id. at 13.

On September 8, 2025, Costa filed an *ex-parte* motion for restraining order and sanctions against Judge Vitali.  D. 4.  In her emergency motion, Costa seeks to have this Court enter an order that would "prevent [Judge Vitali] from making any further decisions in the matter docketed as 2557RO143 in the Wrentham District Court, or any related proceedings." Id. at 1.  In her motion, Costa recounts events that transpired when she filed a motion in Wrentham District Court on August 28, 2025.  Id.  Among other things, Costa seeks to have this court (1) issue a restraining order "prohibiting Judge Michael Vitali from making any decisions, rulings, or communications related to Docket No. 2557RO143 or any associated matters", (2) "[i]mpose sanctions against Judge Vitali, including fines and referral for disciplinary investigation", and (3) [o]rder the transfer of the Plaintiff's case to an impartial judge or court, ensuring compliance with due process requirements." Id. at 4.

## II.     In Forma Pauperis

Upon review of Costa's application to proceed in district court without prepaying fees or costs (also known as a motion or application for leave to proceed *in forma pauperis*), the Court concludes that she has adequately demonstrated she is without income or assets to pay the filing fee. Accordingly, the Court ALLOWS this motion, D. 2.

## III.    Standard of Review

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive

requirements of 28 U.S.C. § 1915.  The *in forma pauperis* statute authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

In conducting this review, the Court liberally construes the complaint because Costa is proceeding *pro se*. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

### IV.   Discussion

As an initial matter, the Court abstains from exercising jurisdiction over this action to the extent that it would interfere with an on-going matter in the courts of the Commonwealth of Massachusetts. "Younger abstention doctrine . . . requires a district court to stay or dismiss the federal action in favor of the continued prosecution of the state-court litigation." Coggeshall v. Massachusetts Bd. of Registration of Psychologists, 604 F.3d 658, 664 (1st Cir. 2010) (citing Younger v. Harris, 401 U.S. 37, 41 (1971)). "Under Younger principles, a federal court must abstain from hearing a case if doing so would needlessly inject the federal court into ongoing state proceedings." Id. (internal citation and quotation marks omitted).

Second, to the extent that there is an underlying final judgment in the Wrentham District Court proceeding is final, this Court does not have jurisdiction to review and reject a state court judgment. "It is an elementary rule of federal jurisdiction that district courts have strictly original jurisdiction in federal question cases and thus cannot exercise appellate jurisdiction." Liviz v. Howard, No. 19- 10096-PJB, 2019 WL 1082403, at *3 (D. Mass. Mar. 4, 2019). "Pursuant to the Rooker–Feldman doctrine, 'federal district courts lack jurisdiction over "federal complaints . . . [that] essentially invite[ ] federal courts of first instance to review and reverse unfavorable state-

court judgments.'""" Anderson v. Sup. Jud. Ct. of Massachusetts, No. 18-11302-DJC, 2019 WL 1244054, at *4 (D. Mass. Mar. 15, 2019) (citing Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 20 (1st Cir. 2005)) (alterations in original).  Any decision on the merits here "necessarily requires the Court to undermine [a] state court judgment[], [and therefore] the Court lacks subject matter jurisdiction over [Costa's] claims." Id.

Third, to the extent Costa seeks to proceed against Judge Vitali for claims arising out of his judicial rulings, any claims for monetary damages are barred by the doctrine of absolute judicial immunity. See Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019).  "The breadth of the protection is fulsome, shielding judges even when their actions are malicious, corrupt, mistaken, or taken in bad faith; its purpose not to buffer bad judges but 'for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" Id. (quoting Pierson v. Ray, 386 U.S. 547, 554 (1967)). Accordingly, "when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." Id.  Nothing in the complaint suggests Judge Vitali acted outside "traditional adjudicatory functions." Id. To the extent Costa disagreed with orders entered by Judge Vitali, her option was to appeal the rulings in state court, not seek damages in this Court.

Fourth, injunctive relief against Judge Vitali is unavailable.  "Section 1983 explicitly provides that, 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable'" in the underlying action. Alexandre v. Prince, No. 22-11340-ADB, 2022 WL 3597409, at *1 (D. Mass. Aug. 23, 2022).

Finally, this Court lacks diversity jurisdiction over claims asserted by Costa because there is not complete diversity of citizenship between the parties as required to for diversity jurisdiction pursuant to 28 U.S.C.§ 1332.

### V.     Conclusion

For the foregoing reasons, it is hereby ORDERED:

1. The motion for leave to proceed *in forma pauperis*, D. 2, is ALLOWED.

2. The motion for temporary restraining order, D.4, is DENIED.

3. This action is DISMISSED.  The clerk shall enter a separate order of dismissal;

4. In light of the dismissal, the Court DENIES the motion for leave to file electronically as moot.


**So Ordered.**              /s Denise J. Casper
                             Denise J. Casper
                             Chief United States District Judge